**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN C. MEADOWS, | ) | |
|     Plaintiff, | ) | CASE NO.    1:11-cv-02378 |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
|     Commissioner of Social Security | ) | **REPORT & RECOMMENDATION** |
| | ) | |
|     Defendant. | ) | |

Plaintiff Alan C. Meadows ("Meadows"), *pro se*, challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Meadows's claim for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the Commissioner be AFFIRMED.

**I. Procedural History**

On February 6, 2007, Meadows filed an application for POD, DIB, and SSI alleging a disability onset date of January 1, 1999. His application was denied both initially and upon reconsideration.

On February 18, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Meadows, represented by counsel, and an impartial vocational expert ("VE") testified. On March 5, 2010, the ALJ found Meadows was able to perform a significant number of jobs in

the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

The ALJ noted that Meadows had filed previous applications that were denied on February 13, 2007. (Tr. 12.) There is no indication that Meadows appealed that decision. As such, the ALJ considered the prior decision *res judicata* based on *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837, 841 (6th Cir. 1997) ("Social security claimants are bound by the principles of *res judicata*.") As such, the ALJ did not revisit the issue of whether Meadows was disabled between January 1, 1999 and February 13, 2007, noting that there was no new and material evidence relating to that period. (Tr. 13.) Instead, the ALJ addressed the issue of whether Meadows was disabled in the time period starting February 14, 2007 through the date of the decision. *Id.*

## II. Evidence

### *Personal and Vocational Evidence*

Age fifty-one (51) at the time of his administrative hearing, Meadows is a "person closely approaching advanced age" under social security regulations. *See* 20 C.F.R. §§ 404.1563(d) & 416.963(d). (Tr. 20.) Meadows has a limited education and past relevant work as a production line assembler. *Id.*

## III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

---

[1] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404,

A claimant is entitled to a POD only if: (1) he had a disability; (2) he was insured when he became disabled; and (3) he filed while he was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Meadows was insured on his alleged disability onset date, and remained insured through June 30, 2007. (Tr. 15.) Therefore, in order to be entitled to POD and DIB, Meadows must establish a continuous twelve month period of disability commencing on or before June 30, 2007 – his date last insured. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 497 (6th Cir. 2006). Any discontinuity in the twelve month period precludes an entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d 191, 195 (6th Cir. 1967).

A claimant may also be entitled to receive SSI benefits when he establishes disability within the meaning of the Act. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

### IV. Summary of Commissioner's Decision

The ALJ found Meadows established a medically determinable, severe impairment, due to bipolar disorder.[2] (Tr. 15.) However, his impairment did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Meadows was found incapable of performing his past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a full range of

---

Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

[2] The ALJ found that past determinations that substance addiction disorder and borderline intellectual functioning constituted severe impairments were no longer applicable. The ALJ based this decision on the lack of drug/alcohol abuse by Meadows in the past four years and treating mental health providers noting Meadows as having average intelligence. (Tr. 15.)

work at all exertional levels with some non-exertional limitations.  (Tr. 17.)  The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Meadows is not disabled.

## V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied.  Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations or failure to provide the reviewing court with a sufficient basis to determine that the Commissioner applied the correct legal standards are grounds for reversal where such failure

prejudices a claimant on the merits or deprives a claimant of a substantial right. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

## VI. Analysis

Meadows's *pro se* Brief on the Merits does not clearly set forth cognizable assignments of error. However, it is well settled that "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief."[3] *Id*. As such, the Court construes Meadows's brief as raising the following assignments of error: (1) the transcript is incomplete as some of his treatment records are not included; and, (2) his need to work in isolation renders him unemployable.

### *Incomplete Records*

In his brief Meadows argues that the transcript is incomplete. He asserts that he "has been hospitalized several times over the years, at Glenbeigh, Laurelwood, Lake West Hospital because of suicidal intentions, yet the transcript doesn't have record of that." (ECF No. 13 at 2.) Meadows also asserts that Exhibit No. B17F must be missing pages because the last word on page 2 of 9 of that exhibit is "and."[4] *Id*. at 1, 3-4.

In the Sixth Circuit, it is well established that Meadows as the plaintiff – and not the ALJ – has the burden to produce evidence in support of a disability claim. *See, e.g., Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. May 29, 2008) (*citing* 20 C.F.R. §

---

[3] To the extent Meadows's brief seeks a *de novo* determination of his disability claim, the Court declines to do so.

[4] Because, as discussed below, Meadows bears the burden of providing a complete record, this argument is inconsequential. Moreover, the exhibit appears to contain the entirety of the medical record as received, since page 2 of 9 of Exhibit No. B17F is followed immediately by page 3 of 9. (Tr. 396.)

404.15129(a)).  *See also Struthers v. Comm'r of Soc. Sec.*, 101 F.3d 104 (table), 1999 WL 357818 at *2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record to the extent of providing evidence of mental impairment."); *Landsaw v. Sec'y. of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant.  20 C.F.R. §§ 416.912, 416.913(d)."); *cf. Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010) (although an "ALJ has an inquisitorial duty to seek clarification on material facts," a plaintiff, who is represented by counsel, must provide a "factual record" relating to the length of his employment when his past work was part of the record and was the basis of the initial decision to deny benefits).  However, there is a special, heightened duty requiring the ALJ to develop the record when the plaintiff is "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures."  *Wilson*, 280 Fed. Appx. at 459 (*citing Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)).

Though Meadows is pursuing this action *pro se*, the special duty requirement is not at issue in this case.  At the hearing, Meadows was represented by an attorney, Marcia Margolius.  (Tr. 12.)  Thus, "the ultimate burden of proving disability" remained squarely on Meadows.  *See Wilson*, 280 Fed. Appx. at 459 (*citing Trandafir v. Comm'r of Soc. Sec.*, 58 Fed. Appx. 113, 115 (6th Cir. Jan. 31, 2003)); *see also Guy v. Astrue*, 2010 WL 1141526 at **10-11 (M.D. Tenn. Mar. 4, 2010).  Therefore, to the extent the record is incomplete, such deficiency is imputed to Meadows and fails to provide justification for a remand.

Meadows argues that although he had an attorney, she did not make sure that all possible evidence was included in the Transcript.  He further asserts that she did not call others to testify on his behalf.  (ECF No. 20 at 4-5.)  Though Meadows identified places he has allegedly received treatment in the past which are not part of the record, he fails to identify the dates of the treatment.  Meadows did, however, attach a letter from Windsor Laurelwood to his Reply brief.  (ECF No. 20-2, Exh. B.)  That letter indicates that Meadows was admitted to the Windsor Laurelwood Center for Behavioral Medicine on six separate occasions between May 1993, and

6

November 2002. *Id*. This treatment occurred five years or more *prior* to the time period addressed by the ALJ, which is from February 14, 2007 until the hearing date. Meadows does not appear to understand that the ALJ was not revisiting the prior determinations of the Commissioner. A review of the transcript reveals that Meadows's counsel obtained medical records stemming from the relevant time period (*i.e.* 2007 through 2010). As such, the transcript does not appear to be incomplete, nor does this Court find any evidence of counsel's alleged ineffectiveness.[5]

Moreover, federal courts have rejected arguments by other social security claimants who allege ineffectiveness or malpractice by their counsel in the representation of a claimant.

> Finally, [the claimant] also accuses [counsel] of "gross negligence and "malpractice" for failing to submit certain records of his disability to the ALJ and for failing to appeal. (Pl.'s Objs. 1, 2.) These claims are not cognizable on review of the Commissioner's decision because "there is no principle of effective assistance of counsel in civil cases." *Slavin v. Commissioner*, 932 F.2d 598, 601 (7th Cir. 1991); *see also Cornett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008) (rejecting a social security claimant's ineffective assistance of counsel claim and noting that "[t]he Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings"). A social security claimant who was represented by counsel of his own choosing cannot at a later time complain that the representation was inadequate. *See Hettinger v. Richardson*, 365 F. Supp. 1245, 1246 (E.D. Pa. 1973); *Russell ex rel. Russell v. Chater*, 62 F.3d 1421, at *2 [published in full-text format at 1995 U.S. App. LEXIS 21609] (8th Cir. 1995) (unpublished table decision) (holding the social security claimant's argument regarding the ineffective assistance of her retained counsel "not cognizable in this type of action").

*Nelson v. Astrue*, 2008 U.S. Dist. LEXIS 66907, 20-21 (E.D. Pa. Aug. 29, 2008); *see also Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (a plaintiff in a civil case has no right

---

[5] Sentence six of 42 U.S.C. § 405(g) allows a court to remand for consideration of new evidence that was not previously before the agency, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (emphasis added). Meadows does not appear to be requesting a sentence six remand. Even if he were, the records from 1993 through 2002 can hardly be considered "new" or "material." *See, e.g., Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (Evidence is new if it was not in existence or was unavailable during the administrative proceeding.); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003) (Evidence is "material" for purposes of a sentence six remand only if it is time-relevant, *i.e.*, either relates to the period on or before the date the ALJ rendered his decision.)

to effective assistance of counsel).

Meadows also attached a summary of his elementary school grades to his reply brief, which contains a notation that reads "Special education." (ECF No. 20-1, Exh. A.) Meadows makes no argument with respect to the exhibit and it does not appear to be part of the record. It is unclear what significance Meadows attributes to the exhibit.

Therefore, Meadows's arguments – that the record was incomplete or that counsel was ineffective – is unavailing as such claims are not cognizable in a social security disability appeal.

*Isolation Requirement*

Meadows also argues that the VE recommended that he be limited to jobs where he could work in isolation, but that such jobs are not competitively available. (ECF No. 13 at 2.) The Commissioner asserts that Meadows misunderstood the VE's testimony; and, furthermore, it is not the function of VEs to recommend work related limitations. (ECF No. 18 at 12.)

A review of the hearing transcript reveals the ALJ asked the VE to consider a hypothetical "individual of the age, education and work experience of the claimant, who has the [RFC] to perform work, limited, however, to simple tasks, routine tasks involving no production quotas and not involving confrontation, arbitration, negotiation or other intense interpersonal contact with the public, or coworkers or supervisors." (Tr. 54.) The VE testified that such an individual would be unable to perform Meadows's past relevant work, but that other jobs were available. *Id*. The VE offered the following examples: bench assembler, wire worker, and electronic worker. (Tr. 54-55.) The VE further noted that the list was merely a sample and not exhaustive of the available jobs. (Tr. 55.)

The ALJ posed a second hypothetical limiting the individual to; (1) simple tasks (defined as tasks that are one to nine steps where each step can be explained in one sentence); (2) no more than occasional interaction with the public and co-workers (defined as contact of less than ten minutes in duration and occurring no more than one-third of the day); and, (3) low stress work (defined as work that is familiar as to the type of tasks and demands.) (Tr. 56-57.) Again, the VE testified that such an individual would be unable to perform Meadows's past relevant work, but that the bench assembler, wire worker, and electronic worker jobs previously identified

remained. (Tr. 57.)

Meadows's attorney posed a follow-up question to the VE, amending the ALJ's second hypothetical with one additional limitation: the need to work in isolation (*i.e.* an inability to work in tandem or close proximity to others). (Tr. 58.) The VE testified that there would be no competitively available jobs under the hypothetical posed by Meadows's counsel. *Id.*

Reviewing the ALJ's opinion, it is clear the ALJ did not include the isolation requirement suggested by Meadows's counsel in the ultimate RFC finding. (Tr. 17.) If a VE testifies in response to a hypothetical question that precisely sets forth all of the claimant's impairments, his response constitutes substantial evidence for a finding of either disability or nondisability. *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1988). Meadows has not identified any relevant evidence that undermines the ALJ's determination that the isolation limitation was unnecessary. Simply because Meadows's attorney posed the question does not mean the ALJ was bound to incorporate the hypothetical limitation into his ultimate RFC finding.

As such, Meadows's second assignment of error is without merit.

### VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence. Accordingly, the decision of the Commissioner should be AFFIRMED and judgment entered in favor of the defendant.

s/ Greg White<br>United States Magistrate Judge

Date: September 25, 2012

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**